LUTHER A. RYER, PROSECUTOR, v. EDWARD J. HOLLAND, CITY CLERK OF THE CITY OF JERSEY CITY, RESPONDENT.

Submitted May 13, 1932—Decided September 17, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutor, *George L. Record.*

For the respondent, *Thomas J. Brogan.*

PER CURIAM.

This is a writ of *certiorari* bringing before the court the refusal of the city clerk of Jersey City to call an election to be held as provided by chapter 13, laws of 1923, known as the Municipal Manager Form of Government act. There was presented to the city clerk of Jersey City a petition for such an election apparently signed by numerous voters. The return of the city clerk shows that he proceeded to make an investigation to determine whether the petition had been signed by the requisite number of voters as required by the act, and that as a result of this investigation he determined that it had not; that not more than ten thousand of the signatures (the requisite number being fourteen thousand ninety-three) were authentic and for this reason he had refused to call the election.

The petition for the writ was filed by one Ryer accompanied by his affidavit of the truth of the facts contained therein. Upon that petition and affidavit the writ of *certiorari* was allowed. The record now before us presents nothing beyond this other than the return of the clerk, together with a certain public notice and a letter written by the clerk to one Brice and the reasons urged in support of the writ.

The contention of the prosecutor is that upon the filing of such a petition it was the duty of the clerk forthwith under the statute to call an election, and that it was not within his province to determine by an investigation or otherwise whether the petition was in conformity with the act or not.

As the matter stands before us the writ must be dismissed on the technical ground that there is nothing before us to

establish the fact that a valid and adequate petition for the calling of an eelction was ever presented to the clerk. The petition for the writ of course established nothing and the affidavit by which it was accompanied lost its force when the writ was issued and the matter came before the court for consideration. It was encumbent on the prosecutor to show that a valid petition had been filed. This not having been done, the writ must be dismissed.

In this view of the situation it is perhaps unnecessary to consider the question sought to be presented as to the authority of the clerk to determine the sufficiency of the petition.

It may be said, however, that the law requires the presentation of a petition signed by at least fifteen per centum of the voters voting at thè last preceding election for members of the general assembly. The statute indicates by direct language no authority to determine whether a petition signed meets the requirements of the act. This authority must be lodged somewhere. The act requires the election to be held when the requisite petition has been filed and only then. The clerk can only be compelled to act *when* the petition meets the requirements of the act. Whether, therefore, the petition is sufficient would seem to be required to be determined by him in the first instance. It is not conceivable that every paper purporting to contain names imposes upon the clerk the obligation to act, but the petition must be signed by the requisite number of voters and only upon such signing is he either authorized or can he be compelled to act. The decision would, therefore, seem to rest with him, and if he fails to act upon an adequate petition after such determination the remedy is in the court to compel action. As already stated, however, there is nothing before us to show either that an adequate petition was presented or that the clerk's refusal to act was improper and we are not to be understood as determining the question of the power of the clerk in the premises.

The writ is dismissed.